UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America

v.

NYSHIEM SPENCER,
  a/k/a "Willy,"
LAFONE ELEY,
  a/k/a "Fon Fon,"
STEFVON ELEY,
  a/k/a "Balla,"
SHALIK JENKINS,
  a/k/a "Sha Money,"
  a/k/a "Double O,"
MALIK TUNSTALL,
  a/k/a "Leaky,"
PRICE TUNSTALL,
  a/k/a "P-Black,"
NASIR VINCENT,
ALLAN GONZALEZ,
  a/k/a "Bobby,"
JONELL DANFORTH,
  a/k/a "JD,"
ELIJAH BURT,
  a/k/a "Dizzy," and
ASHANAE MCLAUGHLIN,

                  *Defendants.*

---

**Protective Order**

**20 Cr. 78 (AT)**

    Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

    1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will

be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Materials to be produced by the Government and which contain Sensitive Disclosure Material may be designated as "Confidential Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Confidential Material."  The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or Sensitive Disclosure Material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendants for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

7. Sensitive Disclosure Material may be disclosed by counsel to defendants and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible; and shall not be copied or otherwise recorded by the defendants.

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store disclosure material or Sensitive Disclosure Material, provided that the only people with access to such services are those authorized herein to receive disclosure material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

8. The Government may authorize, in writing, disclosure of disclosure material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

## Disclosure and Protection of Seized ESI

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from various cellphones and social media accounts belonging to, among others, the defendants.

11. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

12. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

13. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Justin Rodriguez                     Date:   March 9, 2020
Andrew K. Chan
Justin V. Rodriguez
Assistant United States Attorneys

_____              Date:   _____
Karloff Commissiong, Esq.
Counsel for Nysheim Spencer

_____              Date:   _____
Natali J.H. Todd, Esq.
Counsel for Lafone Eley

_____              Date:   _____
David Touger, Esq.
Counsel for Stefvon Eley

_____              Date:   _____
Gregory Morvillo, Esq.
Counsel for Shalik Jenkins

_____              Date:   _____
Kenneth Montgomery, Esq.
Counsel for Malik Tunstall

_____              Date:   _____
Sarah Sacks, Esq.
Counsel for Price Tunstall

_____              Date:   _____
Donna Newman, Esq.
Counsel for Nasir Vincent

6

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
    Andrew K. Chan
    Justin V. Rodriguez
    Assistant United States Attorneys

_/s/ Karloff Commissiong_____          Date: _March 9, 2020_
Karloff Commissiong, Esq.
Counsel for Nysheim Spencer

_____          Date: _____
Natali J.H. Todd, Esq.
Counsel for Lafone Eley

_____          Date: _____
David Touger, Esq.
Counsel for Stefvon Eley

_____          Date: _____
Gregory Morvillo, Esq.
Counsel for Shalik Jenkins

_____          Date: _____
Kenneth Montgomery, Esq.
Counsel for Malik Tunstall

_____          Date: _____
Sarah Sacks, Esq.
Counsel for Price Tunstall

_____          Date: _____
Donna Newman, Esq.
Counsel for Nasir Vincent

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
    Andrew K. Chan
    Justin V. Rodriguez
    Assistant United States Attorneys


    _____          Date: _____
    Karloff Commissiong, Esq.
    Counsel for Nysheim Spencer

    _____*N . signature*_____          Date:  3/6/20
    Natali J.H. Todd, Esq.
    Counsel for Lafone Eley


    _____          Date: _____
    David Touger, Esq.
    Counsel for Stefvon Eley


    _____          Date: _____
    Gregory Morvillo, Esq.
    Counsel for Shalik Jenkins


    _____          Date: _____
    Kenneth Montgomery, Esq.
    Counsel for Malik Tunstall


    _____          Date: _____
    Sarah Sacks, Esq.
    Counsel for Price Tunstall


    _____          Date: _____
    Donna Newman, Esq.
    Counsel for Nasir Vincent

6

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
    Andrew K. Chan
    Justin V. Rodriguez
    Assistant United States Attorneys

_____                Date: _____
Karloff Commissiong, Esq.
Counsel for Nysheim Spencer

_____                Date: _____
Counsel for Lafone Eley

*[signature]*
_____                Date: 2/21/20
David Touger, Esq.
Counsel for Stefvon Eley

_____                Date: _____
Gregory Morvillo, Esq.
Counsel for Shalik Jenkins

_____                Date: _____
Kenneth Montgomery, Esq.
Counsel for Malik Tunstall

_____                Date: _____
Sarah Sacks, Esq.
Counsel for Price Tunstall

_____                Date: _____
Donna Newman, Esq.
Counsel for Nasir Vincent

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____　　　　Date: _____
　　Andrew K. Chan
　　Justin V. Rodriguez
　　Assistant United States Attorneys


_____　　　　　　Date: _____
Karloff Commissiong, Esq.
Counsel for Nysheim Spencer


_____　　　　　　Date: _____

Counsel for Lafone Eley


_____　　　　　　Date: _____
David Touger, Esq.
Counsel for Stefvon Eley

_____　　　　　　Date: 2/26/2020
Gregory Morvillo, Esq.
Counsel for Shalik Jenkins


_____　　　　　　Date: _____
Kenneth Montgomery, Esq.
Counsel for Malik Tunstall


_____　　　　　　Date: _____
Sarah Sacks, Esq.
Counsel for Price Tunstall


_____　　　　　　Date: _____
Donna Newman, Esq.
Counsel for Nasir Vincent

6

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____            Date: _____
    Andrew K. Chan
    Justin V. Rodriguez
    Assistant United States Attorneys

_____                  Date: _____

Counsel for Nysheim Spencer

_____                  Date: _____

Counsel for Lafone Eley

_____                  Date: _____

David Touger, Esq.
Counsel for Stefvon Eley

_____                  Date: _____

Counsel for Shalik Jenkins

*[signature]*                                   Date: 2/4/20
Kenneth Montgomery, Esq.
Counsel for Malik Tunstall

_____                  Date: _____

Sarah Sacks, Esq.
Counsel for Price Tunstall

_____                  Date: _____

Donna Newman, Esq.
Counsel for Nasir Vincent

6

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____   Date: _____
    Andrew K. Chan
    Justin V. Rodriguez
    Assistant United States Attorneys

_____   Date: _____
Karloff Commissiong, Esq.
Counsel for Nysheim Spencer

_____   Date: _____

Counsel for Lafone Eley

_____   Date: _____
David Touger, Esq.
Counsel for Stefvon Eley

_____   Date: _____
Gregory Morvillo, Esq.
Counsel for Shalik Jenkins

_____   Date: _____
Kenneth Montgomery, Esq.
Counsel for Malik Tunstall

*Sarah M. Sacks*   Date: February 25, 2020
Sarah Sacks, Esq.
Counsel for Price Tunstall

_____   Date: _____
Donna Newman, Esq.
Counsel for Nasir Vincent

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: _____
Andrew K. Chan
Justin V. Rodriguez
Assistant United States Attorneys

_____                Date: _____

Counsel for Nysheim Spencer

_____                Date: _____

Counsel for Lafone Eley

_____                Date: _____
David Touger, Esq.
Counsel for Stefvon Eley

_____                Date: _____

Counsel for Shalik Jenkins

_____                Date: _____
Kenneth Montgomery, Esq.
Counsel for Malik Tunstall

_____                Date: _____
Sarah Sacks, Esq.
Counsel for Price Tunstall

*/s/ Donna Newman*                            Date: 2/18/2020
Donna Newman, Esq.
Counsel for Nasir Vincent

6

_____  Date: 2/27/2020
Jill Shellow, Esq.
Counsel for Allan Gonzalez


_____  Date: _____
Daniel McGuinness, Esq.
Counsel for Jonell Danforth


_____  Date: _____
Christine Delince, Esq.
Counsel for Elijah Burt


_____  Date: _____
Spiro Ferris. Esq.
Counsel for Ashanae McLaughlin


SO ORDERED:
Dated: New York, New York
       February ___, 2020

_____
THE HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE

_____  Date: _____
Jill Shellow, Esq.
Counsel for Allan Gonzalez

_____  Date: 2/21/2020
Daniel McGuinness, Esq.
Counsel for Jonell Danforth

_____  Date: _____
Christine Delince, Esq.
Counsel for Elijah Burt

_____  Date: _____
Spiro Ferris. Esq.
Counsel for Ashanae McLaughlin

SO ORDERED:
Dated: New York, New York
February ___, 2020

_____
THE HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE

7

_____                Date: _____
Jill Shellow, Esq.
Counsel for Allan Gonzalez


_____                Date: _____
Daniel McGuinness, Esq.
Counsel for Jonell Danforth


*[signature]*                              Date: 2/20/2020
Christine Delince, Esq.
Counsel for Elijah Burt


_____                Date: _____
Spiro Ferris. Esq.
Counsel for Ashanae McLaughlin


SO ORDERED:
Dated: New York, New York
       February ___, 2020

                                           _____
                                           THE HONORABLE ANALISA TORRES
                                           UNITED STATES DISTRICT JUDGE

7

_____        Date: _____
Jill Shellow, Esq.
Counsel for Allan Gonzalez


_____        Date: _____
Daniel McGuinness, Esq.
Counsel for Jonell Danforth


_____        Date: _____
Christine Delince, Esq.
Counsel for Elijah Burt


_____        Date: _____
Spiro Ferris, Esq.
Counsel for Ashanae McLaughlin



SO ORDERED:
Dated: New York, New York
       February __, 2020

_____
THE HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE

_____        Date: _____
Jill Shellow, Esq.
Counsel for Allan Gonzalez


_____        Date: _____
Daniel McGuinness, Esq.
Counsel for Jonell Danforth


_____        Date: _____
Christine Delince, Esq.
Counsel for Elijah Burt


_____        Date: _____
Spiro Ferris. Esq.
Counsel for Ashanae McLaughlin


SO ORDERED:
Dated:  New York, New York
        March 9 , 2020

_____
THE HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE