| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>UNITED STATES OF AMERICA,<br><br>-against-<br><br>NYSHIEM SPENCER,<br><br>                         Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __8/25/2023__<br><br>20 Cr. 78-1 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

On July 31, 2023, the Court so-ordered production of the video reflecting the March 19, 2023 assault on Defendant Spencer while he was detained at the Metropolitan Detention Center ("MDC") in Brooklyn. *See* ECF No. 443. On August 18, 2023, the MDC filed a letter through the Government seeking to produce the video on an "attorney eyes only" basis. *See* MDC Letter, ECF No. 449-1. For the reasons stated below, MDC's request is DENIED.

The video is relevant to Defendant Spencer's sentencing. *See United States v. Carty*, 264 F.3d 191, 196 (2d Cir. 2001). Defendant Spencer does not "qualif[y] as the public," as MDC asserts. MDC Letter at 1. Defendant Spencer has a right to participate in his defense. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983); Def. Letter at 2, ECF No. 450.

MDC is concerned that, by viewing the video, Defendant Spencer will know where the unit cameras are, know where the blind spots in those cameras are, and will disseminate the information to other persons detained at MDC. *See* MDC Letter at 1. But Defendant Spencer is no longer detained at MDC and is currently being held at an out-of-state facility. Def. Letter at 1. It is unlikely that Defendant Spencer will ever return to MDC. *Id.* at 2. Under the protections proposed by defense counsel and agreed to by the Government, Defendant Spencer would view the video with his legal team and would not himself retain it. *Id.* MDC has not adequately explained how, given these constraints, Defendant Spencer would decipher or disseminate the information that it seeks to protect. *See Benn v. City of New York*, No. 18 Civ. 722, 2019 WL 6717186, at *2 (S.D.N.Y. Dec. 10, 2019) (rejecting a "general" assertion of the law enforcement privilege).

The surveillance footage is understandably sensitive. The Court finds that the protections negotiated by defense counsel and the Government are sufficient to protect MDC's interest in preventing public disclosure of surveillance footage. Def. Letter at 1–2; Gov. Letter at 1, ECF No. 449.

Accordingly, MDC's request is DENIED, and MDC shall release the video without an "attorney eyes only" limitation. Only counsel for the parties, the Probation Office, and the Court may receive a copy of the video. Further dissemination without court order is prohibited.

SO ORDERED.

Dated: August 25, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge